UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEVEN WAYNE SMITH,

        Petitioner,         Case No. 1:07-cv-1018

v.         Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On December 13, 2005, Petitioner pleaded guilty in the Lenawee County Circuit Court to two counts of second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), and two counts of larceny in a building, MICH. COMP. LAWS § 750.360. He was sentenced on January 14, 2005 to two terms of 69 to 180 months on the home-invasion convictions and two terms of 23 to 48 months on the larceny convictions.[1] In his amended *pro se* petition, Petitioner raises the following two grounds for relief:

    I.    APPOINTED TRIAL COUNSEL'S REPRESENTATION FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THIS PERFORMANCE ABRIDGED PETITIONER'S VESTED CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, APPLICABLE TO THE STATES BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

---

[1] Petitioner has now served his maximum sentences on the larceny convictions, and he has been discharged on those offenses. He remains imprisoned on the home-invasion convictions.

II. THE TRIAL COURT'S SCORING OF OV 13 OF THE STATUTORY MICHIGAN SENTENCING GUIDELINES ABRIDGED PETITIONER'S VESTED RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW, PROTECTED UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND FUNDAMENTAL TRIAL RIGHTS UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION WHICH ARE APPLICABLE TO THE STATES THROUGH THE FOURTEENTH AMENDMENT.

(Br. in Supp. of Am. Pet. at i, docket #7-3 at 3.) Respondent has filed an answer to the amended petition (docket #13), stating that the petition should be denied on the ground of procedural default. Upon review and applying the AEDPA standards, I find that both grounds are procedurally barred. Accordingly, I recommend that the amended petition be denied.

**Procedural History**

A. **Trial Court Proceedings**

The state prosecution arose from two separate home invasions and larcenies that occurred on May 5, 2004 and May 7, 2004. In each case, Petitioner was charged in Count I with second-degree home invasion and in Count II with larceny in a building. In the first case, he also was charged with safe-breaking, MICH. COMP. LAWS § 750.531, a potential life offense. In the second case, he also was charged with unlawfully driving away a motor vehicle, MICH. COMP. LAWS § 750.413, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Further, Petitioner was charged in both cases with being a fourth felony offender, MICH. COMP. LAWS § 769.12, which would have subjected him to a possible term of life imprisonment if convicted of one substantive offense. (Plea Tr., 4-5, docket #16.)

On December 13, 2004, Petitioner appeared before the circuit court to plead guilty to two counts of second-degree home invasion and two counts of larceny in a building pursuant to a plea agreement. Both defense counsel and the trial court explained the plea agreement on the record, and Petitioner expressed his understanding. (Plea Tr., 6-7.) The court then advised Petitioner of his trial rights. (Plea Tr., 7-9.) Petitioner entered a plea of guilty to the home invasion and larceny counts, in exchange for the prosecutor's agreement to dismiss the other charges. (Plea Tr., 10.)

Petitioner was sentenced on January 14, 2005. (S. Tr., docket #17.) The guideline recommendations were calculated for a minimum range of 36 to 71 months on the home invasion charges and 5 to 23 months on the larceny charges. (S. Tr., 5.) Neither Petitioner nor his attorney expressed any objections to the presentence report. (S. Tr., 4.) Petitioner also expressed his satisfaction with the advice given to him by defense counsel. (S. Tr., 4.) Based on Petitioner's criminal history, the seriousness of the offenses, and other factors, the court sentenced Petitioner at the high end of the minimum sentencing guidelines: 69 to 180 months for each home invasion, and 23 to 48 months for each larceny. (S. Tr., 7-8.)

Following imposition of the sentence, the court advised Petitioner that he was entitled to file an application for leave to appeal to the Michigan Court of Appeals within 21 days. The court further advised Petitioner that he had the right to request that an attorney be appointed by the court to represent him on appeal and that such a request must be made in writing within 41 days. (S. Tr., 8.) Petitioner signed acknowledgments in both cases that he had received his appeal forms. (S. Tr., 10.)

### B. Post-conviction relief

Petitioner did not file a direct appeal to the Michigan Court of Appeals following his plea and sentencing. Instead, on October 12, 2005, Petitioner filed a motion for relief from judgment in the Lenawee County Circuit Court. In his motion, Petitioner challenged the scoring of Offense Variable (OV) 13, and he requested appellate counsel.[2] The request for counsel was approved and appellate counsel was appointed on November 15, 2005. Transcripts were filed on December 2, 2005. (*See* Def.-Appellant's Delayed App. for Lv. to Appeal, docket #18.) Counsel filed a motion to correct the guidelines and for resentencing on April 7, 2006, incorporating Petitioner's *pro per* motion for relief from judgment. The motion was denied on April 13, 2006. (*Id.*)

Petitioner sought leave to appeal to the Michigan Court of Appeals, raising only his claim regarding the scoring of OV 13. (*See* Def.-Appellant's Delayed App. for Lv. to App., docket #18.) The court of appeals denied leave to appeal on December 6, 2006, on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D). (12/6/06 Mich. Ct. App. Ord. (MCOA Ord.), docket #18.) Petitioner sought leave to appeal in the Michigan Supreme Court. In his application, Petitioner argued both that the scoring of OV 13 was erroneous and that trial counsel was ineffective in failing to object to the calculation. The supreme court denied leave to appeal on the basis of MICH. CT. R. 6.508(D) on June 26, 2007. (6/26/07 Mich. Ord., docket #19.)

---

[2]Between his sentencing and the filing of his motion for relief from judgment, the Supreme Court issued its decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), and Petitioner sought the appointment of counsel based on the holding of *Halbert.*

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

**Discussion**

I.     Ineffective Assistance of Counsel

In his first ground for habeas relief, Petitioner argues that trial counsel was ineffective in failing to challenge the scoring of OV 13 at ten points. Under MICH. COMP. LAWS § 777.43(1)(c), ten points are counted under OV 13 when "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property." *Id.* In making its finding that the offense involved such a pattern, the court relied upon the charges of unauthorized driving away of an automobile, felony firearm, and safebreaking that were dismissed under the plea agreement. Petitioner contends that it should have been apparent to counsel that scoring under

OV 13 based on the dismissed offenses violated the terms of the plea agreement under which those offenses were dismissed.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner fails to meet his burden. Petitioner raised his claim of ineffective assistance of trial counsel for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999);

*Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Exhaustion is only a problem, however, if there is a state court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted[3] and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

---

[3] When a state-law procedural default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The general test for determining whether a petitioner has procedurally defaulted a federal claim in state court includes the following inquiries: (1) whether the petitioner failed to comply with an applicable state procedural rule; (2) whether the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) whether the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). The courts have recognized that where, as here, "the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)), *rev'd on other grounds*, 535 U.S. 635 (2002); *see also Rust*, 17 F.3d at 160.

In order to obtain habeas review of a procedurally defaulted claim, a petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks v. Straub,* 377 F.3d 538, 551-52 (6th Cir. 2004). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488 (1986); *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). A petitioner who fails to demonstrate cause and prejudice cannot have a cognizable claim. *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Here, Petitioner identifies no factor that could constitute cause excusing his default. Potentially, however, the ineffective assistance of appellate counsel could excuse the default. However, although ineffective assistance of appellate counsel may serve as cause excusing a procedural default in an appropriate case, in order to serve as cause, a claim of ineffective assistance of counsel must itself be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell,* 274 F.3d at 349; *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). Petitioner never

raised a claim of ineffective assistance of appellate counsel in the state courts; thus, the claim was unexhausted and cannot serve to excuse the default.

Accordingly, Petitioner has failed to demonstrate cause excusing his procedural default. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). Nevertheless, it is clear that counsel's failure to object could not have prejudiced Petitioner, because any objection would have been frivolous and futile. Michigan law clearly allows a sentencing judge to take into account all related criminal conduct in scoring OV 13, even if the conduct did not result in a criminal charge or the defendant has been acquitted. *See People v. Ewing*, 458 N.W.2d 880, 892-93 (Mich. 1990) ("Uncharged criminal activity, and activity for which criminal charges are still pending, may be considered by the court, as may criminal activity of which the defendant has been acquitted, whether prior or subsequent to sentencing, so long as it satisfies the preponderance of the evidence test."); *see People v. Valdez*, No. 263352, 2006 WL 3682753, at * 5 (Mich. Ct. App. Dec. 14, 2006) ("[C]rime need not have resulted in a conviction to count in the scoring of OV 13."). The United States Supreme Court agrees. *United States v. Watts*, 519 U.S. 148 (1997) (verdict of acquittal does not prevent sentencing court from relying on conduct underlying charge). Consequently, the trial court was correct in relying on uncharged conduct, and any objection would have been futile.

Finally, Petitioner does not contend that he is actually innocent, nor could he, in light of his guilty plea. As a result, he cannot meet the miscarriage-of-justice exception to the procedural bar. I therefore recommend that Petitioner's first habeas ground be denied because it is procedurally

defaulted and Petitioner cannot show cause, prejudice or a miscarriage of justice to excuse the default.

## II. Improper Scoring of Offense Variable 13

In his second ground for habeas relief, Petitioner argues that OV 13 was improperly scored under Michigan law. Petitioner contends that by scoring the variable at ten points, the court used offenses that had not been adjudicated and improperly counted multiple charges arising out of the same criminal transaction. Petitioner argues both that the guideline score was improper under Michigan law and that the court's findings based on dismissed offenses violated *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner's second ground for habeas relief also is procedurally defaulted. To determine whether Petitioner has been denied relief based on a procedural default, the court looks to the last "reasoned judgment rejecting the [federal] claim." *Ylst*, 501 U.S. at 803. The doctrine is applicable if "the last state court to review [the prisoner's] conviction 'clearly and expressly' relied on [the prisoner's] procedural default in its decision affirming Petitioner's conviction." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Here, both the Michigan Court of Appeals and the Michigan Supreme Court expressly stated that they denied Petitioner's application for leave to appeal on the basis that Petitioner failed to "meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." (12/6/06 MCOA Ord., docket #18; 6/26/07 Mich. Ord., docket #19.) Under MICH. CT. R. 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably

likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b).

In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because MICH. CT. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place well thereafter, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Moreover, the Sixth Circuit has recognized that, where the Michigan Supreme Court has stated that a petitioner failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D), even in a form order, the decision demonstrates reliance on the procedural bar. *See Burroughs v. Makowski*, 282 F.3d 410, 414 (6th Cir. 2002) (citing *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000)).

As a consequence, Petitioner's claim is barred on habeas review unless he can show cause and prejudice for not having raised the claim on direct appeal. *See House*, 547 U.S. at 536; *Murray*, 477 U.S. at 495 (1986); *Hicks*, 377 F.3d at 551-52. Petitioner contends that the ineffective assistance of trial counsel serves as cause excusing the default. As previously discussed, however, Petitioner's claim that trial counsel was ineffective is itself procedurally defaulted. Moreover, trial counsel's actions are irrelevant to the central issue here: whether Petitioner has failed to demonstrate cause for neglecting to bring his claim on direct appeal. Only a claim of ineffective assistance of appellate counsel might explain such neglect, and, as previously discussed, Petitioner has failed to raise or exhaust such a claim.

Furthermore, Petitioner cannot possibly show prejudice arising from this alleged sentencing error. The scoring of state guidelines, which inform the trial court's discretion in deciding the minimum sentence under Michigan's indeterminate sentencing system, is a pure matter of state law. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Habeas corpus relief may be ordered for violation of a defendant's federally guaranteed rights, not for alleged errors of state law. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's Sixth Amendment claim under *Blakely* is similarly meritless. The Sixth Circuit has now authoritatively held that the *Apprendi-Blakely* line of cases does not apply to judicial fact-finding under Michigan's sentencing system. *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009).

I therefore recommend that Petitioner's second ground for habeas relief be denied because it is procedurally defaulted, and Petitioner has failed to establish grounds to excuse the default..

**Recommended Disposition**

For the foregoing reasons, I recommend that the amended habeas corpus petition be denied.

Dated: March 29, 2010         /s/ Joseph G. Scoville
                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).